UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 04-80022 - WRS |
| | Chapter 11 |
| GLENN McCLENDON TRUCKING COMPANY INC., | |
| Debtor. | |
| WILLIE HARRIS, | |
| Plaintiff, | Adv.Pro.No. 04-8013 - WRS |
| v. | |
| GLENN McCLENDON TRUCKING COMPANY INC., AND AIG LIFE INSURANCE COMPANY | |
| Defendants. | |

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the Motion for Court to Determine Subrogation Interest filed by Plaintiff Willie Harris ("Harris"). (Doc. 32). AIG Life Insurance Company ("AIG") has intervened in this Adversary Proceeding by complaint and by way of motion. (Docs. 35, 36). The Court heard this matter on February 14, 2006. (Doc. 38). For the reasons set forth below, the Court finds that Intervenor AIG's right of subrogation has not yet arisen and consequently it is not entitled to any portion of the settlement proceeds at issue. (Docs. 32, 35, 36, 47, 48, 49, 50).

# I. FACTS

This Adversary Proceeding originated as a lawsuit initiated by Harris against Defendants Glenn McClendon Trucking Company, Inc., and Neenah Foundry Company, involving a trucking accident which took place on September 4, 2002. Harris eventually settled his claims against Defendant Neenah Foundry Company in the amount of $40,000.00. The Court has now been called upon to determine AIG's subrogation rights under a Trucker's Occupational Accident Insurance Policy (the "Policy") that it issued to Harris. The parties have stipulated to the pertinent facts which the Court will recite as follows:

1. Plaintiff made claims against Defendant Neenah Foundry Company for personal injuries and other damages in this action. Neenah and Plaintiff have settled such claims and has paid Plaintiff the sum of Forty Thousand Dollars ($40,000) in said settlement.

2. Plaintiff's counsel has deposited the said $40,000 into his Trust account, where said funds are held pending the determination of this Court.

3. AIG Life issued its Truckers Occupational Accident Insurance Policy #TRK8061703 to Plaintiff (the "Policy")

4. AIG Life's contractual right, if any, to subrogation from Plaintiff is provided by the language set forth on page 19 of the Policy which reads as follows:

Subrogation. To the extent the Company pays for losses incurred, the Company may assume the rights and remedies of the Insured Person relating to such loss.

> The Insured Person agrees to assist the Company in preserving its rights against those responsible for such loss, including but not limited to, signing subrogation forms supplied by the Company.

5. Plaintiff, the Insured Person, under the Policy has not signed any subrogation forms and none have been supplied or requested by the Company, AIG Life.

6. AIG Life had paid Plaintiff the sum of $68,639.26 pursuant to the Policy.

7. Plaintiff's counsel's engagement contract with Plaintiff is attached hereto as Exhibit A.

8. Plaintiff's counsel is entitled to be paid pro rata attorney's fees and expenses from any amounts recovered by AIG Life Insurance Company as or for subrogation pursuant to the "common fund doctrine" for the production of the settlement proceeds through his efforts.

The Court will now address the issue of whether AIG has a right to subrogation under the Policy.

## II. DISCUSSION

AIG claims that it has a subrogation interest in the settlement proceeds received by Harris as a result of paying indemnity benefits in the approximate amount of $58,850.00 and medical expenses in the approximate amount of $9,800.00 pursuant to the Policy. (Doc. 50). The Court first recognizes that Alabama law is controlling here as the Policy states that "[it] is governed by the laws of the state in which it is delivered." (Pl.'s Ex. B). Subrogation has been defined as an equitable doctrine intended to prevent a double recovery by an insured and to reimburse the insurer for payments it made that
3

should be borne by another. International Underwriters/Brokers, Inc. v. Liao, 548 So. 2d 163, 164 (Ala. 1989). In Powell v. Blue Cross & Blue Shield, 581 So. 2d 772, 785 (Ala. 1990), the Alabama Supreme Court held that an insurer's right of subrogation, whether equitable or contractual, does not arise until the insured has been fully compensated for his loss. Stated another way, Powell held that the right of subrogation does not arise until the insured has been made whole. This rule was overruled in Ex parte State Farm Fire & Cas. Co., 764 So. 2d 543, 546 (Ala. 2000), wherein the Court held that the made-whole doctrine may be modified by contract. Many courts that have considered the issue have held that general subrogation language is insufficient to modify the applicability of the made-whole doctrine. See Cagle v. Bruner, 112 F.3d 1510, 1521 (11th Cir. 1997)("[t]hat language is standard subrogation language, which we think does not demonstrate a specific rejection of the make whole doctrine")(citing Guy v. Southeastern Iron Workers' Welfare Fund, 877 F.2d 37, 38-39 (11th Cir. 1989)(court applied the make-whole doctrine even though plan had a right to reimbursement from "all amounts recovered by suit, settlement or otherwise from any third person or his insurer to the extent of benefits provided hereunder"); see also Lyon v. Hartford Accident & Indem. Co., 25 Utah 2d 311, 480 P.2d 739 (1971), *overruled on other grounds by* Beck v. Farmers Ins. Exch., 701 P.2d 795 (Utah 1985); and Sapiano v. Williamsburg Nat. Ins. Co., 28 Cal. App. 4th 533, 535-36 (1994).

In this case the subrogation provision provides the following:

**Subrogation**. To the total extent the Company pays for losses incurred, the Company may assume the rights and remedies of the insured person relating to such loss. The insured person agrees to assist the company in preserving its rights against those responsible for such loss, including but not limited to signing subrogation forms applied by the Company.

This provision is similar to general subrogation provisions used in other contracts in which courts have held such language to be insufficient to modify the applicability of the made-whole doctrine. The Court finds that this language does not demonstrate that the made-whole doctrine has not been modified by contract.

The test for determining whether the insured has been made whole is "whether the injured plaintiff has been completely compensated for all of his loss. . . ." Peck v. Dill, 581 So. 2d 800, 805 (Ala. 1991)(citing Powell v. Blue Cross & Blue Shield of Alabama, 581 So. 2d 772 (Ala. 1990)). The burden is on the insurer to prove that the insured has been fully compensated. Complete Health, Inc. v. White, 638 So. 2d 784, 787 (Ala. 1994). In this case, the evidence shows that Harris has not been fully compensated for all of his losses. Harris testified that he continues to suffer pain as a result of his injuries. Harris stated that his physical pain has prevented him from driving a truck for purposes of work. In fact Harris has not been able to return to work since the date of the accident on September 4, 2002. Harris also testified that the amount of benefits paid by AIG in temporary total disability benefits for 104 weeks was less than his salary at McClendon Trucking Company, Inc. After considering the evidence presented at trial, the Court finds that Harris has not been made whole.

### III. CONCLUSION

Finally, the Court finds that AIG, at this time, has no protectable subrogation interest because Harris has not been fully compensated for his losses. The Court will

enter an Order consistent with this Memorandum Decision by way of a separate document.

Done this 24th day of February, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Cecil G. Duffee III, Attorney for Willie Harris
   Legrand H. Amberson, Jr., Attorney for AIG Life Insurance Company